IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LARRY NIETO,

        Plaintiff,

vs.                                                      No. CIV 01-1416 LFG/RLP

KEN ZANGARA, individually
and in his corporate capacity,
ZANGARA DODGE INC.,
a New Mexico corporation,
DAIMLER CHRYSLER CORPORATION,
a Delaware Corporation,
Does 1 through 10, individually
and/or in their corporate capacity,

        Defendants.

## **ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

THIS MATTER comes before the Court on the Motion to Dismiss [Doc. 8] of Defendants Ken Zangara and Zangara Dodge, Inc. ("the Zangara Defendants") for lack of valid service of process. The Court finds that, regardless of the merits of their argument regarding improper service,[1] the Zangara Defendants waived their right to contest personal jurisdiction, and the motion to dismiss will be denied.

Plaintiff Larry Nieto ("Nieto") filed his complaint for employment discrimination against Daimler Chrysler and the Zangara Defendants on December 18, 2001. Daimler Chrysler filed its

---

[1] Defendants present a strong argument for invalidity of the service of process in this case. However, even if the Court were to find that service was ineffective, the Court would in its discretion grant Plaintiff extra time to effect proper service, given his diligent, if faulty, attempts to serve these Defendants.

Answer on May 6, 2002. However, the Zangara Defendants did not answer but rather filed a motion to dismiss, asserting that Nieto failed to make valid service and the time for serving had expired. Nieto filed his response [Doc. 12] to the motion to dismiss. On June 17, 2002, the Zangara Defendants filed their reply [Doc. 15] and also filed a separate motion [Doc. 16] to strike certain portions of Nieto's response.

In their motion to strike, the Zangara Defendants assert that certain factual allegations made by Nieto in his response to the motion to dismiss are inaccurate and unsupported by evidence, and that these statements should be stricken as redundant, immaterial, impertinent, or scandalous. In addition, in their reply to Nieto's response to their motion, the Zangara Defendants make reference to these allegedly untrue and scandalous statements, noting that:

> In the first two pages of Nieto's Response he provides the Court with an unverified and untrue summary of his alleged claim. Defendants are contemporaneously filing a Motion to Strike these assertions and other unsupported factual allegations in Nieto's Response. Although the summary of Nieto's claim is not relevant to the Motion to Dismiss, defendants can not [sic] stand by and let such untrue statements go unaddressed. Therefore, defendants attach an affidavit from Rob Reddish, vice president of Zangara Dodge, Inc. and the person who terminated Nieto, that refutes Nieto's assertions. Although not yet properly before the Court, it is clear that Nieto's discrimination claim is without merit.

Zangara Defendants' Reply in Support of Motion to Dismiss [Doc. 15], at 1. In filing this separate Motion to Strike [Doc. 16], Defendants implicitly submitted to the jurisdiction of this Court.

> The requirement of personal jurisdiction is an individual right and "it can, like other such rights, be waived . . . . [R]egardless of the power of the State to serve process, an individual may submit to the jurisdiction of the court by appearance . . .. The actions of the defendant may amount to a legal submission to the jurisdiction of the court, whether voluntary or not.

Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703-05, 102 S. Ct. 2099, 2105-06 (1982).

Fed. R. Civ. P. 12(h)(1) provides that the defenses of lack of jurisdiction over the person and insufficiency of process are waived if not made by motion or included in a responsive pleading. "The rule, however, 'sets only the outer limits of waiver; it does not preclude waiver by implication. Asserting a jurisdictional defect in the answer [or by pre-Answer motion] [does] not preserve the defense in perpetuity. This defense may be lost by . . . submission through conduct.'" Hunger United States Special Hydraulics Cylinders Corp. v. Hardie-Tynes Mfg. Co., 203 F.3d 835 (Table, text in Westlaw), No. 99-4042, 2000 WL 147392, at *2 (10th Cir. Feb. 4, 2000), *quoting*, Yeldell v. Tutt, 913 F.2d 533, 539 (8th Cir. 1990). Where a party "actively participated in the litigation and sought affirmative relief from the court," he thereby waived his right to assert lack of personal jurisdiction. Hunger, at *3.

Even if objections to jurisdiction are asserted in the defendant's answer, or in a pre-answer motion, as occurred in this case, a defendant can subsequently waive the defense by seeking affirmative relief from the court. The pertinent inquiry is whether the defendant has, implicitly or explicitly, demonstrated a "willingness to submit a dispute to judicial resolution." Ori, Inc. v. Lanewala, 147 F. Supp. 2d 1069, 1074 (D. Kan. 2001); *see also*, Thompson v. United States, 312 F.2d 516, 519 (10th Cir. 1962).

Although the Zangara Defendants' motion to strike does not seek a ruling on the ultimate issue in this case, nevertheless, Defendants attach affidavits to the motion and ask the Court to resolve a factual dispute between the parties, claiming at the same time that "it is clear that Nieto's discrimination claim is without merit." They seek affirmative relief from this Court, asking that

3

certain statements be stricken from Nieto's filings with the Court. Defendants who seek "affirmative preliminary relief" from the court cannot "'walk away' from . . . this court's jurisdiction having once submitted themselves for the presumed advantages" which they seek. Marquest Med. Prods., Inc. v. EMDE Corp., 496 F. Supp. 1242, 1246 (D. Colo. 1980); *see also*, Feldman Inv. Co. v. Conn. Gen. Life Ins. Co., 78 F.2d 838, 841 (10th Cir. 1935) ("seeking affirmative relief at the hands of the court . . . waived all question respecting jurisdiction of the court over the person of the defendant").

In addition, the Zangara Defendants consented to proceed before the Magistrate Judge [Doc. 18], without in any way preserving their right to claim a lack of personal jurisdiction. The Court finds that the Zangara Defendants' overall actions "d[o] not reflect a continuing objection to the power of the court to act over the defendant's person." Alger v. Hayes, 452 F.2d 841, 844 (8th Cir. 1972). Indeed, by their voluntary actions in consenting, and invoking the Court's ruling on their motion to strike, they effectively submitted to jurisdiction over their persons.

IT IS THEREFORE ORDERED that the Motion to Dismiss [Doc. 8] filed by Defendants Ken Zangara and Zangara Dodge, Inc. is denied. Defendants will file their Answers on or before July 31, 2002.

                                                   */s/ Lorenzo F. Garcia*
                                                  Lorenzo F. Garcia
                                                  United States Magistrate Judge